# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH MULLA,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-261**       (Cir. Ct. of Kanawha Cnty. Case No. CC-20-2025-C-4)

**RYANNE BALL,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Mulla appeals the Circuit Court of Kanawha County's May 22, 2025, order, granting Respondent Ryanne Ball's motion to dismiss. Ms. Ball filed a response.[1] Mr. Mulla did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the outset, we find that the record on appeal is sparse, which limits this Court's recitation of the facts. The crux of the underlying litigation centers on Mr. Mulla's dissatisfaction with an investigation into allegations of child abuse involving his grandchildren, arising from an abuse and neglect proceeding involving his grandchildren and their father, who is Mr. Mulla's son. According to Mr. Mulla, Ms. Ball, in her professional capacity as an assistant prosecuting attorney, failed to fully investigate the allegations. As a result, Mr. Mulla filed a self-represented complaint against Ms. Ball on January 3, 2025. The circuit court's order on appeal framed the allegations in Mr. Mulla's complaint as follows:

> In the light most favorable to Plaintiff, Plaintiff's Complaint asserts that Defendant Ball, a Kanawha County Assistant Prosecuting Attorney, did not continue an investigation into alleged child abuse involving his granddaughters. Plaintiff generally asserts that, in not pursuing the allegations further, Defendant Ball suppressed evidence, obstructed justice, committed ethical violations, and exposed Plaintiff's granddaughters to

---

[1] Mr. Mulla is self-represented. Ms. Ball is represented by Michael D. Mullins, Esq., and Christopher G. Robinson, Esq.

1

further danger. Plaintiff seeks "$100.000 [sic] in damages, plus punitive damages" and requests that one of the grandchildren be relocated to her father's home.

On February 5, 2025, Ms. Ball filed a motion to dismiss, claiming that the complaint failed to state a claim under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, and that Ms. Ball was insulated from Mr. Mulla's claims through the doctrines of prosecutorial and qualified immunity. The circuit court heard the motion to dismiss on May 21, 2025, and on May 22, 2025, entered an order granting the motion to dismiss.[2] In its order, the circuit court made several determinations. First, the circuit court found that Mr. Mulla lacked standing to bring his complaint, in that he was not a party to the prior abuse and neglect case, and as a non-attorney, he could not represent the rights of his son or others from that proceeding. Second, the court determined that Ms. Ball was entitled to prosecutorial and qualified immunity, as well as statutory immunity pursuant to West Virginia Code § 29-12A-5(b) (1986) (granting immunity to employees of political subdivisions) and West Virginia Code § 49-2-810 (2020) (providing persons, officials, and institutions immunity from civil and criminal liability for good faith acts related to child abuse and neglect matters). The circuit court dismissed Mr. Mulla's complaint with prejudice, and this appeal followed.

Our review in this appeal is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.").

In his brief to this Court, Mr. Mulla presents six assignments of error in which he challenges the circuit court's rulings regarding standing and prosecutorial, qualified, and statutory immunity. He also claims prejudice and harm from the circuit court's dismissal of his complaint. However, Mr. Mulla merely offers single conclusory sentences in support of each argument without citation to the record or accompanying analysis to aid his opposition to the circuit court's ruling. In other words, Mr. Mulla has failed to articulate error for appellate review.

Instead, at best, Mr. Mulla's several contentions are merely skeletal arguments, which lack any reasonable specificity or meaningful explanation. *See State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation modified) ("A skeletal argument, really nothing more than an assertion, does not preserve a claim."); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not

_____

[2] The order also denied Mr. Mulla's March 25, 2025, motion for change of venue. Mr. Mulla does not challenge the court's ruling on that motion in this appeal.

considered on appeal."); W. Va. R. App. P. 10(c)(7) ("The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal."); *see also State v. Gibson*, No. 23-556, 2025 WL 3287585, at *2 (W. Va. Nov. 25, 2025) (memorandum decision) (reiterating that self-represented petitioners must comply with Rule 10(c)(7)). Moreover, as our Supreme Court of Appeals has held:

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966). An appellate court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997).

In this appeal, Mr. Mulla has failed to establish that he preserved any of his contentions below and his cursory arguments before this Court fail to offer the slightest indicia of error in the circuit court's judgment. Therefore, because Mr. Mulla has failed to carry his burden of establishing error below, we decline to disturb the court's decision to grant Ms. Ball's motion to dismiss and affirm its May 22, 2025, order.

Accordingly, we affirm.

Affirmed.


**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White